IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DONNA K. FARNSWORTH,
Individually,Heir-at-Law of
Richard V. Farnsworth,
deceased; and, DONNA K.
FARNSWORTH, as Natural
Guardian, Next Friend and
Conservator for H.L.F., a
Minor, Heir-at-Law of
Richard V. Farnsworth, deceased,

        Plaintiffs,

    vs.                    **Case No. 11-1263-RDR**

MICHAEL B. COX and WADE HILL
d/b/a M&W TRUCKING,

        Defendants.

_____

**MEMORANDUM AND ORDER**

This is a wrongful death action.  This matter is presently
before the court upon the motion to intervene pursuant to
Fed.R.Civ.P. 24 of The Hub of Syracuse, Inc. and Bituminous
Casualty Corporation.  Having carefully reviewed the arguments of
the parties, the court is now prepared to rule.

I.

This action arises out of a motor vehicle accident in Hamilton
County, Kansas on August 31, 2009 in which Richard V. Farnsworth
was killed.  At the time of the accident, Mr. Farnsworth was in the
course and scope of his employment with The Hub of Syracuse, Inc.,
a Kansas corporation.  Bituminous Casualty Corporation was the
workers compensation liability insurance carrier for The Hub of

Syracuse.   As a result of Mr. Farnsworth's death, The Hub of Syracuse and Bituminous Casualty have paid, and continue to pay, benefits under the Kansas Workers Compensation Act to plaintiffs Donna Farnsworth and H.L.F., the surviving heirs of Mr. Farnsworth.

In the instant motion, The Hub of Syracuse and Bituminous Casualty seek to intervene under Fed.R.Civ.P. 24(a) and 24(b). They contend, pursuant to K.S.A. 44-504(b), that they have a subrogation interest and lien against any recovery obtained by the plaintiffs in this action.   They assert they are entitled to recover the workers compensation benefits they have provided and continue to provide plaintiffs as a result of the work-related death of Mr. Farnsworth.   They seek to intervene at the present time so they can address the pending motion to dismiss filed by the defendants.

II.

Under Federal Rule of Civil Procedure 24(a)(2), upon timely motion the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). Under this provision, a party may intervene as of right if (1) its application is timely; (2) it claims an interest relating to the property or

transaction which is the subject of the action; (3) its interest may as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by existing parties.   See Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1103 (10th Cir. 2005).

Under Federal Rule of Civil Procedure 24(b)(1), the court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact.   Fed.R.Civ.P. 24(b)(1)(B).   Permissive intervention is within the sound discretion of the court.   Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992).   In deciding the motion, the court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties.   See Fed.R.Civ.P. 24(b); Kane County, Utah v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010).

                                III.

The defendants contend only that the motion to intervene is untimely and that the movants' interest is more than adequately represented by the existing plaintiffs.   The defendants point out that the movants have the right to pursue subrogation for workers compensation benefits paid or payable under K.S.A. 44-504.   They contend that, under that statute, the movants have had since

                                3

February 28, 2011 to bring a cause of action against them.  They note that the movants did not file their motion to intervene until March 30, 2012.  They further note that the movants waited nearly four months to seek to intervene after the plaintiffs filed the instant case.  Under these circumstances, they argue that the movants' motion is untimely.

The defendants also contend that they would be prejudiced by allowing the movants to intervene.  They suggest that intervention would allow the movants to assert their claims outside the applicable statute of limitations.  They further contend the interests of the movants are adequately protected by K.S.A. 44-504(b).  Finally, they assert that this case is substantially different than other subrogation cases due to the pending motion to dismiss.  They suggest that allowing intervention would be futile because the statute of limitations has run on the plaintiffs' claims.

The defendants have also argued that the interests of the movants are adequately represented by the plaintiffs.  They contend that the plaintiffs can protect and have protected their interests in this litigation.

IV.

The court has carefully considered the aforementioned factors. The court shall focus solely on the issue of timeliness because it is clear that the movants have the right to intervene if their

motion is viewed as timely.  The Tenth Circuit has recognized the following four factors as being relevant when deciding the timeliness element: "(1) the length of time the movant knew of its interests in the case; (2) prejudice to the existing parties; (3) prejudice to the movant; [and (4) existence of unusual circumstances]." Okla. ex rel. Edmondson v. Tyson Foods, Inc., 619 F.3d 1223, 1232 (10th Cir. 2010) (alterations in original omitted).

As noted previously, this case arose from an accident that occurred on August 31, 2009.  This action was filed on August 30, 2011.  Plaintiffs served their complaint on the defendants on December 12, 2011.  The defendants filed a motion to dismiss on December 29, 2011.  Briefing on that motion was completed on March 5, 2012.  Plaintiffs, however, have asked to file an additional brief.  The motion to intervene was filed on March 30, 2012.  On July 16, 2012, the court allowed plaintiff to present additional argument on the pending motion to dismiss.

The court is not persuaded by the defendants' argument that intervention should be denied because the statute of limitations for an employer to bring an action under K.S.A. 44-504 has expired. As pointed out by the movants, the fact that the employer and the insurance company allowed plaintiffs to proceed does not, and should not, bar their intervention.  See Roberts v. Krupka, 246 Kan. 433, 443-44, 790 P.2d 422 (1990) (motion to intervene by employer and insurer in medical malpractice action to protect

subrogation interest was not untimely even though motion came over five years after cause of action accrued and 38 months after filing of the action). Here, the movants sought intervention less than four months after the filing of this case, and prior to the filing of an answer by the defendants. There is no evidence of any prejudice to the existing parties as a result of the delay here. The court fails to see how allowing the movants to weigh in on the motion to dismiss will cause any prejudice to the defendants. The court has recently allowed plaintiffs to submit additional argument on the motion to dismiss, so allowing the movants additional time to submit arguments on the motion to dismiss will not result in any additional delay. In sum, the court finds no merit to any of the arguments offered by the defendants. The court shall allow The Hub of Syracuse, Inc. and Bituminous Casualty Corporation to intervene under Rule 24(a)(2).

**IT IS THEREFORE ORDERED** that the motion to intervene of The Hub of Syracuse, Inc. and Bituminous Casualty Corporation (Doc. # 19) be hereby granted. The Hub of Syracuse, Inc. and Bituminous Casualty Corporation shall be allowed to intervene under Fed.R.Civ.P. 24(a)(2). They shall further be allowed ten (10) days from the date of this order to file a memorandum concerning the defendants' motion to dismiss. The defendants shall be allowed ten (10) days to file a response to this memorandum.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2012 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge