IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DONNA K. FARNSWORTH,
Individually, Heir-at-Law;
Natural Guardian; Next
Friend; Conservator
Deceased Richard V.
Farnsworth, minor H.L.F.,

   Plaintiff,
 vs.          **Case No. 11-1263-RDR**

THE HUB OF SYRACUSE, INC.;
BITUMINOUS CASUALTY CORP.,

   Intervenor Plaintiffs,
 v.

MICHAEL B. COX; WADE HILL,
d/b/a M&W Trucking,

   Defendants.

---

## **MEMORANDUM AND ORDER**

  This is a wrongful death action based upon diversity jurisdiction. Plaintiffs are Donna K. Farnsworth, individually as widow of Richard V. Farnsworth; and H.L.F., a minor and daughter of Richard V. Farnsworth, represented by Donna Farnsworth, as natural guardian, next friend and conservator. Plaintiffs are citizens of Arizona. The defendants are Michael B. Cox and Wade Hill d/b/a M&W Trucking. They are citizens of Nebraska. The court has allowed The Hub of Syracuse, Inc. and Bituminous Casualty Company to intervene pursuant to Fed.R.Civ.P. 24(a)(2). Bituminous Casualty was the workers compensation liability insurance carrier for The Hub of Syracuse. They have paid, and continue to pay, benefits

under the Kansas Workers Compensation Act to plaintiffs Donna Farnsworth and H.L.F., as surviving heirs of Mr. Farnsworth. This matter is presently before the court upon defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The defendants contend that plaintiffs' claims are barred by the statute of limitations.

This case arises from a collision between a vehicle being operated by Richard V. Farnsworth and a vehicle being operated by Michael Cox. Farnsworth died as a result of the collision. The accident occurred on August 31, 2009 in Hamilton County, Kansas. Donna K. Farnsworth was appointed as conservator for H.L.F. on June 21, 2010. Plaintiffs filed their complaint on August 30, 2011. Summonses were issued on November 21, 2011. Both defendants were served on December 12, 2011. Plaintiffs filed an amended complaint on December 28, 2011. Defendants filed the instant motion on December 29, 2011.

I.

In ruling on a motion to dismiss under Rule 12(b)(6), the court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint

2

states a plausible claim for relief, the court draws on its judicial experience and common sense. <u>Iqbal</u>, 556 U.S. at 679. While ordinarily the statute of limitations is an affirmative defense, the issue may be resolved on a Rule 12(b)(6) motion to dismiss where the application of the limitations period is apparent on the face of the complaint. See <u>Jones v. Bock</u>, 549 U.S. 199, 220-21 (2007).

The defendants contend that plaintiffs' claims are barred by the statute of limitations. They argue that the statute of limitations for a wrongful death action is two years. They further contend that the statute of limitations expired here because plaintiffs failed to obtain service within 90 days as required by Kansas law. Plaintiff H.L.F. contends that her claims are not barred by the statute of limitations because she is a minor and K.S.A. 60-515(a) extends the time within which a minor may prosecute an action for wrongful death. Plaintiff Farnsworth contends, in a somewhat convoluted manner, that her claims survive because the "one-action" rule and K.S.A. 60-1902 save them.

In a diversity case, the law of the forum state provides the appropriate statute of limitations. See <u>Zamora v. Prematic Serv. Corp.</u>, 936 F.2d 1121, 1122 (10th Cir. 1991); <u>Dow Chemical Corp. v. Weevil-Cide Co., Inc.</u>, 897 F.2d 481, 483-84 (10th Cir. 1990). In Kansas, pursuant to K.S.A. 60-510, an action "can only be commenced within the period prescribed by the applicable statute after the

cause of action" has accrued.  <u>Admire Bank & Trust v. City of Emporia</u>, 250 Kan. 688, 829 P.2d 578, 586 (1992)(quoting <u>State ex rel. Grassie v. Masterson</u>, 221 Kan. 540, 561 P.2d 796, 801 (1977)). An action is commenced in Kansas upon filing the petition and obtaining service of process. <u>Davila v. Vanderberg</u>, 4 Kan.App.2d 586, 608 P.2d 1388, 1391 (1980). K.S.A. 60-203 provides:

> (a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service of publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

The parties agree the applicable statute of limitations is the two-year provision of K.S.A. § 60-513(a)(5), which provides that "[a]n action for wrongful death" must be "brought within two years." An action for wrongful death accrues to the decedent's heirs upon the death of the decedent, which in this case is August 31, 2009. <u>See</u> <u>Natalini v. Little</u>, 278 Kan. 140, 92 P.3d 567, 570 (2004).

Upon initial review, the court notes that plaintiffs' claims appear barred under K.S.A. 60-513(a)(5). Plaintiffs' complaint was filed within the two-year statute of limitations of K.S.A. 60-513(a)(5), but the complaint was not served within the 90-day requirement of K.S.A. 60-203. Under Kansas law, an action is "commenced" for purposes of the statute of limitations on the date

of the filing of the petition, so long as service is effected within 90 days of the filing. <u>Witherspoon v. Roadway Express, Inc.</u>, 782 F.Supp. 567, 572-73 (D.Kan. 1992) (citing K.S.A. § 60-203). If service is not effected within that 90-day period, the action is deemed to have "commenced" upon the date of service. K.S.A. 60-203. Thus, this action was commenced after the expiration of the statute of limitations.

The intervenors have suggested that the statute of limitations argument made by the defendants cannot be determined on a motion to dismiss. They suggest, relying upon K.S.A. 60-517, that the statute of limitations may have been tolled because the defendants' whereabouts may have been unknown when the cause of action accrued.

K.S.A. 60-517 sets forth circumstances when the statute of limitations can be tolled for an out-of-state defendant:

> If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter.

As noted in the last sentence of K.S.A. 60-517, the statute of limitations is not tolled if the defendant's whereabouts are known and the defendant can be lawfully served. See <u>Slayden v. Sixta</u>,

5

250 Kan. 23, 825 P.2d 119, 122 (1992). The word "known" in K.S.A. 60-517 means the place where service of process upon the defendant can be effected that is known or should have been known to the plaintiff by the exercise of due diligence. <u>Morris v. Morris</u>, 27 Kan.App.2d 1014, 10 P.3d 771, 774 (2000).

As correctly pointed out by the defendants, neither plaintiffs nor the intervenors have raised any facts to support this contention. Specifically, plaintiffs have not raised this issue at any time. They have never suggested any facts that the whereabouts of the defendants were not known and that service could not have been effectuated under Article 3 of Chapter 60. The intervenors have also failed to suggest any facts supporting the application of K.S.A. 60-517 beyond indicating that the defendants were served out of state. Thus, the court fails to find that this argument precludes addressing the statute of limitations issue raised by the defendants.

II.

A.  Claims of H.L.F.

H.L.F. contends that her claims are timely due to the application of K.S.A. 60-515(a). That statute describes the effect of a person's minority on the running of the statute of limitations. It provides, in relevant part ". . . if any person entitled to bring an action . . . at the time the cause of action accrued or at any time during the period the statute of limitations

6

is running, is less than 18 years of age,. . . such person shall be entitled to bring such action within one year after the person's disability is removed . . ." K.S.A. 60-515(a). H.L.F. suggests that the limitations period has not run because this action was filed before her minority ended. See <u>Shirley v. Reif</u>, 260 Kan. 514, 920 P.2d 405, 411 (1996) (K.S.A.60-515(a) requires minors to file claims which accrue during minority within one year after turning 18); <u>Lewis v. Shuck</u>, 5 Kan.App.2d 649, 623 P.2d 520, 523-24 (1981) (in order for disability statute to toll statute of limitations, the disability must have existed at the time the cause of action accrued).

The defendants argue that the tolling provisions of K.S.A. 60-515(a) do not apply because H.L.F.'s disability as a minor was removed when Farnsworth was appointed as her conservator on June 21, 2010. The defendants contend that Farnsworth had until June 21, 2011, one year after H.L.F.'s disability was removed, or August 31, 2011, the expiration of the statute of limitations under K.S.A. 60-513(a)(5), to commence an action against the defendants for wrongful death. The defendants assert that neither occurred because service was not made upon them within 90 days after the filing of the complaint.

The defendants point to the language of K.S.A. 60-515(a) to support their position that H.L.F.'s disability was removed when a conservator was appointed. Plaintiffs have contended, <u>inter</u> <u>alia</u>,

7

that the court should certify this issue to the Kansas Supreme Court for resolution.

The court recognizes that the Kansas Supreme Court has not spoken directly on this issue. Nevertheless, the court believes that the Kansas courts have provided enough guidance to reach a decision on what we believe the Kansas courts would do.

The court begins by examining the language of the statute. The court begins by noting that the statute gives an unqualified extension to the protected parties, including minors. The court notes that the statute provides no exception after the appointment of a guardian or conservator. The plain language of the statute suggests that the right it confers on the "person entitled to bring an action" is not diminished by the appointment of a guardian or conservator. The words "the time of such disability" refer to the person's disabling condition, not merely the disability to bring suit. The statute permits the action to be brought after the removal of the disability, not after the appointment of a guardian or conservator. The statute of limitations runs or is tolled depending on the status of the plaintiff, irrespective of whether a legal guardian exists. If plaintiff is under some form of legally recognized disability which tolls the statute of limitations, the statute of limitations remains tolled despite the possibility that some representative could bring the action on the plaintiff's behalf.

The case law in Kansas supports this conclusion, although as noted previously we recognize that the Kansas courts have not directly considered this issue. The court must begin with <u>Domann v. Pence</u>, 183 Kan. 196, 326 P.2d 260 (1958). In <u>Domann</u>, three minors were injured in an automobile accident on July 29, 1954. They each filed suit by their father as next friend on September 4, 1956. There was no dispute that the case was filed beyond the applicable two-year statute of limitations. 326 P.2d at 261. The minor plaintiffs, however, argued that they were entitled to bring their suits anytime during their infancy or within one year after their disability was removed. The Supreme Court agreed with the minor plaintiffs and adopted their argument. <u>Id</u>. at 262. The Court, relying on <u>Missouri Pac. Ry. Co. v. Cooper</u>, 57 Kan. 185, 45 P. 587 (1896), pointed out that an infant could maintain an action at any time until one year after disability or infancy had been removed even though an action by a guardian or next friend could have been brought during that period. <u>Id</u>.

In <u>Cooper</u>, a minor brought a personal injury action through his next friend for injuries sustained when his foot was crushed by a freight train nearly ten years earlier. The Supreme Court held that the minor was entitled to the benefit of former Kan. Civ. Code § 19, the statutory provision providing that the statute of limitations will not bar an action while the person entitled to bring it is a minor or under other legal disability. 45 P. at 588.

9

The Court rejected the defendant's contention that a cause of action accrued in favor of the plaintiff, by his next friend, at the time of the injury, and that, after the lapse of two years, the action by the next friend became barred.  Id.

Then, in Wilson v. Beeler, 151 Kan. 699, 100 P.2d 645 (1940), minors sought to quiet title to real property that their guardian had sold under a guardian's deed.  The Supreme Court never mentioned the fact that the minors had been represented by a guardian in reaching its determination that the effect of K.S.A. 60-305, the state tolling statute applicable to real estate actions, was to extend the applicable limitations period so that the statutory period did not expire earlier than two years after the youngest plaintiff became of age.  100 P.2d at 649.

A review of these cases suggests that this court's reading of K.S.A. 60-515(a) is appropriate.  The Kansas Supreme Court has never recognized that the appointment of a guardian or conservator, or the possibility of the appointment of a guardianship or conservatorship, diminishes the right of the minors to rely upon the tolling provisions extending the statute of limitations. Other Kansas federal cases have reached the same conclusion with regard to similar tolling provisions of Kansas law.  See Copeland v. Toyota Motor Sales USA, Inc., 1994 WL 324551 at ** 4-5 (D.Kan. July 1, 1994); Villa v. Roberts, 80 F.Supp.2d 1229, 1232 (D.Kan. 2000); Edmonds v. Union Pac. R.R. Co., 294 F.Supp. 1311, 1313-14 (D.Kan.

1969).

In a recent reply, the defendants have found a case that they believe suggests that H.L.F.'s claims are barred by the statute of limitations. They rely upon Dockery v. Unified Sch. Dist. No. 231, 382 F.Supp.2d 1234 (D.Kan. 2005). The court shall thoroughly examine this case because it does have some similarities to the instant case.

In Dockery, a mother and father attempted to bring a claim as guardians for K.C.D., their 10-year-old son. Judge Lungstrum dismissed the claim as being time-barred because the guardians brought the action outside the applicable Kansas two-year statute of limitations. 382 F.Supp.2d at 1244. Plaintiffs argued that K.S.A. 60-515(a) tolled the statute of limitations while their son was a minor. Id. Judge Lungstrum rejected that argument:

> Plaintiffs miss the purpose of K.S.A 60-515(a). "The purpose of K.S.A. 60-515...is to mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under a legal disability." Biritz v. Williams, 262 Kan. 769, 774, 942 P.2d 25 (1997) (citing Lewis v. Shuck, 5 Kan.App.2d 649, 651, 623 P.2d 520, rev. denied, 229 Kan. 670 (1981)). The statute does not suspend, interrupt, or extend the statute of limitations, but merely tolls the statute of limitations under stated circumstances. Id. As the statute of limitations has run for K.C.D.'s guardians to bring a claim on his behalf, the court must dismiss Counts IV and V of the first amended complaint.

Id.

The defendants contend that Dockery controls and that Dockery can be read in harmony with Domann. This harmony, defendants

suggest, arises from the fact that <u>Domann</u> was brought in the name of the minor children by their father acting as next friend. In their way of thinking, K.S.A. 60-515(a) does not toll the statute of limitations when the action is brought in the name of the guardian or next friend. Rather, the statute tolls the statute of limitations when the action is brought in the name of the minor. Here, since this case is brought in the name of Donna Farnsworth as the guardian of H.L.F., then the statute of limitations has expired and the action should be dismissed.

The court has carefully considered <u>Dockery</u> and we are not inclined to follow it for several reasons. The court believes that Judge Lungstrum has reached a reasonable interpretation of K.S.A. 60-515(a), but it is not the interpretation that the Kansas Supreme Court has suggested should be adopted. <u>Dockery</u> fails to mention or even consider <u>Domann</u>. <u>Domann</u> states in plain terms that the predecessor of K.S.A. 60-515(a) allows a minor to bring an action anytime during infancy and up to one year after reaching majority age. The efforts of the defendants to somehow distinguish <u>Domann</u> must fail. In Kansas, minors cannot bring suit in their own name. K.S.A. 60-217(c). Rather, any claim asserted by a minor must be commenced by a guardian or "next friend" who is an adult. <u>Id</u>. Contrary to the argument of the defendants, the court finds no distinction in how the various cases have indicated who is actually bringing the claim. The court is unaware of any legal difference

between a claim brought by a minor through a representative and a claim brought by a representative on behalf of a minor.

In accord with Domann, the court finds that the claims asserted by Donna Farnsworth, on behalf of H.L.F., are timely and can proceed. The defendants' motion to dismiss H.L.F's claims shall be denied.

B.  Claims of Donna Farnsworth

Next, the court must consider the claims of Donna Farnsworth. As noted earlier in the opinion, her claims appear barred by the statute of limitations. She essentially admits that the failure to timely serve the defendants results in her wrongful death claims being barred by the statute of limitations. However, she does contend that she can still assert a claim as an heir in this case based upon the claim made by H.L.F. This argument is based on the operation of K.S.A. 60-1902 and the adoption of the one-action rule noted in Ellis v. Sill, 190 Kan. 300, 374 P.2d 213 (1962). She argues that Ellis allows this court to extend the tolling provisions of K.S.A. 60-515(a) to her by asserting that if the minor child timely commences a cause of action, then the parent, while procedurally barred by the statute of limitations, should have his or her claim included as a fellow heir. She further suggests that the court's decision in Frost v. Hardin, 1 Kan. App. 2d 464, 466, 571 P.2d 11 (1977), opinion adopted, 224 Kan. 12, 577 P.2d 1172 (1978) provides some support for this argument.

The court, at this point, believes that the only issue that can be decided is whether Donna Farnsworth can pursue the wrongful death claims she asserted against the defendants in the complaint. The court is confident at this time that those claims are barred by the statute of limitations. The issue raised by Farnsworth concerning whether she can assert a claim brought as an heir under K.S.A. 60-1902 is not properly before the court. She has made no such claim in this case yet. If she chooses to do so, then the court can consider the issues discussed by the parties at that time.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 8) is hereby granted in part and denied in part. The wrongful death claims of Donna Farnsworth, individually, are hereby dismissed because they are barred by the statute of limitations. The claims of H.L.F., through her conservator, shall not be dismissed and are hereby allowed to proceed.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2012 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge