IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRONSON R. HATCH and )
CRISTA L. HATCH, )
*as the Natural Guardians and Next Friends* )
*of the minor K.H.H.,* )
*the Heir-at-Law of Richard V. Farnsworth*, )
  )
       Plaintiffs, )
  )
v. )   Case No. 11-1263-RDR
  )
MICHAEL B. COX *et al.*, )
  )
       Defendants. )

## REPORT AND RECOMMENDATION

This Kansas wrongful death action arises from a motor vehicle accident that occurred in Hamilton County, Kansas. The amended complaint alleges that on August 31, 2009, Richard V. Farnsworth was killed when his vehicle was struck by a vehicle driven by Defendant Michael B. Cox and owned by Defendant Wade Hill, doing business as M&W Trucking.[1] The minor K.H.H. is the biological daughter of Mr. Farnsworth. Plaintiffs Bronson R. Hatch and Crista L. Hatch— who are prosecuting this action on K.H.H.'s behalf—adopted K.H.H. after her father's death. Defendants have agreed to pay $50,000 to settle this case, with $10,000 of the proceeds going to Intervenor Bituminous Casualty Corporation, the workers compensation liability carrier for Intervenor The Hub of Syracuse, the company that employed Mr. Farnsworth and for which he was in the course and scope of his employment at the time of the accident. The intervenors had a potential subrogation interest in any recovery because they paid and continue to pay benefits to Mr. Farnworth's wife, Donna Farnsworth, and to K.H.H. under the Kansas Workers

---
[1] Am. Compl. at ¶¶ 16-20, ECF No. 7.

Compensation Act. The parties informed the court that plaintiffs' counsel has waived his claim to costs and attorney fees. They also informed the court that as part of the settlement, Bituminous Casualty Corporation will not seek from K.H.H. any subrogation other than the $10,000 received as part of the settlement.

Pursuant to the Kansas Wrongful Death Act, K.S.A. 60-1901, *et seq.*, the court held a hearing on September 10, 2013, to apportion settlement proceeds of $40,000 among the heirs-at-law of Mr. Farnsworth.[2] For the reasons stated by plaintiffs' counsel on the record during the hearing, the court finds the settlement to be fair and reasonable under the circumstances. Plaintiffs' counsel identified and provided notice of the hearing to the following individuals: Donna Farnsworth; K.H.H. through her adoptive parents and guardians, the Hatches; Seth A. Farnsworth, the adult son of the decedent.[3] Plaintiffs' counsel also identified two minor biological children of Donna and Richard Farnsworth who were placed for adoption shortly after their births and prior to Mr. Farnsworth's death. Plaintiffs' counsel provided notice to the respective adoptive parents of each of those children. The following individuals appeared: Plaintiff Crista Hatch and plaintiffs' counsel; Jon and Vickie Phillips, adoptive parents of the minor T.C.P.; and Michael Sebastian, adoptive father of the minor E.V.S. Donna Farnsworth and Seth Farnsworth failed to appear. Plaintiffs' counsel informed the court that Ms. Farnsworth waives any claim she may have to the settlement proceeds. Having considered the evidence presented at the hearing, the court is prepared to issue its recommended findings of fact and conclusions of law.

I. **Findings of Fact**

---

[2] *See* K.S.A. 60-1905.

[3] *See* Notice of Apportionment of Wrongful Death Settlement Recovery Hr'g, ECF No. 66.

Mr. Farnsworth had four biological children: Seth Farnsworth, T.C.P., E.V.S, and K.H.H. Because Seth Farnsworth failed to appear at the hearing, there is no evidence in the record about the nature and extent of his relationship with his father.

### A. T.C.P.

T.C.P. is the biological daughter of Donna and Richard Farnsworth. At the hearing. T.C.P.'s adoptive parents testified about the circumstances surrounding T.C.P.'s adoption and the family's contact with the Farnsworths. Jon Phillips, T.C.P.'s adoptive father, testified that T.C.P. had been placed with their family in April of 2005, when she was approximately one month old. The adoption was finalized in October of 2005. It was Mr. Phillips' understanding that T.C.P. had lived with Donna and Richard Farnsworth for the first two weeks of her life. When T.C.P. was two weeks old, Mr. Farnsworth became incarcerated as a result of a parole violation. Mr. Phillips testified that Ms. Farnsworth placed T.C.P. for adoption in Utah and that Mr. Farnsworth initially contested the adoption. Vickie Phillips, T.C.P.'s adoptive mother, testified that she and her husband met the Farnsworths at the adoption hearing. Mr. Farnsworth asked to see T.C.P. at the time of the hearing and became emotional after visiting with the baby. Ms. Phillips testified that the family has had no direct contact with either Donna or Richard Farnsworth since that time. Ms. Phillips also testified that it was her understanding that Ms. Farnsworth placed T.C.P. for adoption because she believed Mr. Farnsworth would be incarcerated for some time and worried about her ability to parent T.C.P. without his assistance. Ms. Phillips testified that she believed T.C.P. would not have been placed for adoption if Mr. Farnsworth had not been incarcerated. Ms. Phillips testified that she thought T.C.P. would have a hole in her life as she got older because she would never have the opportunity to know her biological father.

Ms. Phillips testified that the adoption agency acted as an intermediary between her family and the Farnsworths. Ms. Phillips wrote letters to the Farnsworths, which the adoption agency provided to them. In turn, the adoption agency provided the Phillips family with a book of information and pictures that was created by either Donna or Richard Farnsworth, or both. Ms. Phillips testified that she did not know who made the book but that it contained pictures of and information about both biological parents. Ms. Phillips testified that she and her husband have not yet shared the book with T.C.P., who is now eight years old. Mr. Phillips testified that T.C.P. knows she is adopted but does not know about Mr. Farnsworth's death.

  **B.** **E.V.S.**

E.V.S. is the biological son of Donna and Richard Farnsworth. At the hearing, E.V.S.'s adoptive father, Michael Sebastian, gave testimony about Mr. Farnsworth's relationship with E.V.S. The Sebastians adopted E.V.S. in May of 2006. He was thirteen days old at the time of the adoption. Mr. Sebastian informed the court that E.V.S.'s adoption was an "open" one, with Mr. Farnsworth communicating with the Sebastians and with E.V.S. up to the time of Mr. Farnsworth's death. E.V.S. is aware that Mr. Farnsworth is his biological father. According to Mr. Sebastian, Mr. Farnsworth would call E.V.S. on the phone, and the two would talk about E.V.S.'s activities, things like soccer and T-ball. Mr. Sebastian testified that Mr. Farnsworth and E.V.S had spoken by phone a few weeks prior to Mr. Farnsworth's death. Mr. Sebastian also testified that Mr. Farnsworth visited E.V.S. on at least three different occasions, including one trip within the twelve months prior to Mr. Farnsworth's death. He took E.V.S. to the zoo, and during one trip, Mr. Farnsworth brought one of his siblings to visit E.V.S. Mr. Sebastian testified that at the time of E.V.S.'s adoption, Mr. Farnsworth seemed to have a sense of loss but also seemed reassured by the Sebastians' willingness to allow Mr. Farnsworth to visit E.V.S. Mr.

Sebastian testified that Mr. Farnsworth never provided financial assistance to E.V.S. and did not send him cards or presents on birthdays or holidays.

### C.   K.H.H.

K.H.H. is the biological daughter of Donna and Richard Farnsworth. K.H.H. was born in June of 2007 and resided with Donna and Richard Farnsworth from the time of her birth. Mr. Farnsworth's younger sister and K.H.H.'s adoptive mother, Crista Hatch, testified about K.H.H.'s relationship with her father. Ms. Hatch testified that her brother had a criminal history and had battled substance abuse issues throughout his life. She testified that during the time that he and K.H.H. lived together, he had changed his lifestyle. She said that he attended church, was excited about K.H.H. and his marriage to Donna and was proud of himself for overcoming a difficult addiction. Ms. Hatch testified that Mr. Farnsworth held down a regular job and financially supported the family. Mr. Farnsworth would regularly share pictures with Ms. Hatch of outings with K.H.H. The two would take trips to the park together, go to the petting zoo, and Ms. Hatch said Mr. Farnsworth talked about K.H.H. "all the time." She testified that Mr. Farnsworth was "very in love with this one, and they were close." Ms. Hatch testified that had Mr. Farnsworth lived, he would have continued to be a father to K.H.H. and would have continued to financially provide for her.

After Mr. Farnsworth's death, K.H.H. continued to reside with Donna Farnsworth until she was no longer able to properly care for K.H.H. The child then began residing with Ms. Hatch and her husband, Bronson Hatch, in April of 2011. Ms. Farnsworth had another child with an unidentified man, and in 2012, the Hatches formally adopted both K.H.H. and the new baby. Ms. Hatch testified that K.H.H. still talks about Mr. Farnsworth and cries because she misses him.

Ms. Hatch said that K.H.H. is dealing with emotional issues stemming from Mr. Farnsworth's death, Ms. Farnsworth's difficulties, and all of the changes in her life.

## II.  Conclusions of Law

In a Kansas wrongful death action, "[t]he apportionment shall be in proportion to the loss sustained by each of the heirs, and all heirs known to have sustained a loss shall share in such apportionment regardless of whether they joined or intervened in the action[.]"[4] K.S.A. 60-1904 provides that damages in a wrongful death action, are not limited to, but may be recovered for:

> (1) Mental anguish, suffering or bereavement;
> (2) loss of society, companionship, comfort or protection;
> (3) loss of marital care, attention, advice or counsel;
> (4) loss of filial care or attention;
> (5) loss of parental care, training, guidance or education; and
> (6) reasonable funeral expenses for the deceased.

As outlined above, the court may apportion both pecuniary and non-pecuniary damages.[5] Pecuniary damages as those that "can be estimated in and compensated by money."[6] Pecuniary damages in a wrongful death action "should be equivalent to those pecuniary benefits or compensation that reasonably could have resulted from the continued life of the deceased."[7] In Kansas, pecuniary damages include the loss of marital or parental care, services, training, advice, and financial support.[8] Non-pecuniary damages, on the other hand, are intangible and my include compensation for "mental anguish, bereavement, loss of society and loss of companionship."[9]

---

[4] K.S.A. 60-1905.

[5] *See, e.g., Turman v. Ameritruck Refrigerated Transport, Inc.*, 125 F. Supp. 2d 444, 450-45 (D. Kan. Nov. 28, 2000); *see also* K.S.A. 60-1903 (describing damages the court or jury may award in a wrongful death action).

[6] *Turman*, 125 F. Supp. 2d at 453 (quoting *McCart v. Muir*, 641 P.2d 384, 391 (Kan. 1982)).

[7] *Id.* (quoting *McCart*, 641 P.2d at 391).

[8] *Wentling v. Med. Anestisa Svs.*, 701 P.2d 939, 947-48 (Kan. 1985).

[9] *McCart*, 641 P.2d at 391.

The testimony provided during the hearing makes clear that Mr. Farnsworth loved his children a great deal, and no amount of money will fill the void left by his death. The task before the court, however, is to apportion the settlement proceeds in proportion to the loss sustained by each heir. To that end, the record is clear that K.H.H. has sustained the greatest loss and is entitled the majority of the settlement proceeds.

During Mr. Farnsworth's life, he financially supported K.H.H., resided with K.H.H., and had a close father-daughter relationship with K.H.H. Had he lived, Mr. Farnsworth would have likely continued to parent K.H.H. and financially provide for her. The record also shows that K.H.H. has been greatly impacted by Mr. Farnsworth's death and the changes in her life brought about by his death. For these reasons, the magistrate judge recommends the district judge award K.H.H.$ 38,000.

Although E.V.S. did not share as close of a relationship with Mr. Farnsworth, the record shows that the two were in regular communication and spent time together. E.V.S. was aware that Mr. Farnsworth was his biological father, and E.V.S. knows that Mr. Farnsworth has died. For these reasons, the magistrate judge recommends that the district judge award E.V.S. $1,500.

The testimony given by Mr. and Ms. Phillips demonstrates that Mr. Farnsworth very much loved his daughter T.C.P. and struggled with her adoption. But T.C.P. only resided with Mr. Farnsworth for two weeks during her infancy. She has no memory of him. She has not seen the book with information about her biological family, and she does not know that Mr. Farnsworth has died. The magistrate judge recommends that the district judge award T.C.P. $500. This amount is not a reflection of the feelings the court believes Mr. Farnsworth had for T.C.P. The law requires the court to apportion the settlement proceeds in proportion to the loss,

and to that end, the loss that T.C.P. has suffered is not as great as the loss suffered by K.H.H. and E.V.S. —children who knew Mr. Farnsworth and are aware of and impacted by his death.

Because there is no information before the court as to the nature of the loss suffered by Seth Farnsworth, the court recommends the district judge not award Seth Farnsworth any portion of the settlement proceeds. Because the court been informed that Donna Farnsworth seeks to waive any claim she may have had to the settlement proceeds and because Donna Farnsworth failed to appear at the hearing and failed to provide any testimony about the loss she suffered as a result of her husband's death, the court recommends the district judge not award Donna Farnsworth any portion of the settlement proceeds.

Pursuant to 28 U.S.C.§636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, the parties shall have fourteen (14) days after service of a copy of this Report and Recommendations to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the settlement proceeds be apportioned as follows: (1) $38,000 to K.H.H.; (2) $1,500 to E.V.S.; (3) $500 to T.C.P.

Dated this 25th day of September, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
